# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

STEPHANIE REDDING,

       Petitioner,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

       Agency.

DOCKET NUMBER
CB-1205-21-0015-U-1

DATE: May 19, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie Redding, Largo, Maryland, pro se.

Roxann Johnson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1      The petitioner requests that we review, pursuant to our authority under 5 U.S.C. § 1204(f), an Office of Personnel Management (OPM) regulation,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

5 C.F.R. § 831.1207, that provides that an employee's disability retirement application shall be considered withdrawn under certain circumstances. For the reasons set forth below, we DENY the petitioner's request because it does not meet our discretionary review criteria.

## BACKGROUND

¶2 The petitioner was a Federal Air Marshal with the Transportation Security Administration (TSA) when she applied for disability retirement under the Federal Employees' Retirement System (FERS). *See Redding v. Office of Personnel Management*, MSPB No. DC-0845-21-0312-I-1, Initial Appeal File (0312 IAF), Initial Decision (0312 ID), Tab 26 at 2-3. After initially approving the application, OPM rescinded its approval upon learning that the TSA had reassigned the petitioner to the position of Law Enforcement Specialist with the Federal Law Enforcement Training Center. 0312 ID at 3. The petitioner appealed OPM's final decision to the Board. 0312 IAF, Tab 1. The administrative judge concluded that the petitioner was required to file her disability retirement application from the Law Enforcement Specialist position and that OPM was correct in rescinding its approval. 0312 ID at 7. The petitioner did not file a petition for review with the Board and therefore the initial decision became final by operation of law on August 17, 2021. *Id.* at 9.

¶3 The petitioner then filed this request for the Board to review 5 C.F.R. § 831.1207(c) and (d), which provide:

> (c) OPM considers voluntary acceptance of a permanent position in which the employee has civil service retirement coverage, including a position at a lower grade or pay level, to be a withdrawal of the employee's disability retirement application. The employing agency must notify OPM immediately when an applicant for disability retirement accepts a position of this type.

> (d) OPM also considers a disability retirement application to be withdrawn when the agency reports to OPM that it has reassigned an applicant or an employee has refused a reassignment to a vacant position, or the agency reports to OPM that it has successfully

accommodated the medical condition in the employee's current position. Placement consideration is limited only by agency authority and can occur after OPM's allowance of the application up to the date of separation for disability retirement. The employing agency must notify OPM immediately if any of these events occur.

5 C.F.R. § 831.1207(c) and (d).

¶4    The petitioner asserts that the regulation requires an employee to commit a prohibited personnel practice (PPP) by discriminating on the basis of disability, as prohibited under section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 79. 5 U.S.C. § 2302(b)(1)(D). She states that it further violates 5 U.S.C. § 2301(b)(2), which provides that "[a]ll employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to . . . [disabilities][3] . . . ." Request File (RF), Tab 1 at 1-2. The petitioner claims that 5 C.F.R. § 831.1207 is "unfairly prejudicial" to the employee because it allows agencies to place an employee into a different position "without regard to the efficacy of the reassignment." *Id.* at 4. She states that if a reassignment "fails," the employee should be given an opportunity to pursue disability retirement from the last position the employee held where "the employee was able to successfully perform the essential duties as required." *Id.* at 5. She asserts that the Americans with Disabilities Act and the Rehabilitation Act require that a reassignment "be effective to be successful." *Id.* at 6.

¶5    OPM responds that the petitioner failed to explain how the regulation requires the commission of a PPP. RF, Tab 4 at 5. OPM states that 5 C.F.R. § 831.1207 does not govern determinations as to whether an agency's offer of a reassignment is appropriate under the circumstances or allow OPM to determine whether an agency has successfully accommodated an employee's disability. *Id.* at 6. OPM further states that all eligible employees may seek disability

---

[3] Sections 2301 and 2302 anachronistically refer to a disability as a "handicapping condition."

retirement approval from their final position of record whether or not the employee's disability retirement application from a previous position was deemed withdrawn under section 831.1207(c) or (d).  *Id.* at 7.  OPM asserts that petitioner's argument is "basically that she has a preferable approach to § 831.1207 and that is not a basis for the Board to conduct a regulation review under 5 U.S.C. § 1204(f)."  *Id.* at 7-8.[4]

## ANALYSIS

¶6        The Board's regulation review authority is discretionary.  5 U.S.C. § 1204(f)(1)(B) (providing that the Board grants a petition for regulation review "in its sole discretion.").  *See Clark v. Office of Personnel Management*, 95 F.3d 1139, 1141 (Fed. Cir. 1996) (Congress explicitly authorized the Board to review directly any provision of any OPM rule or regulation and stated that the decision whether to grant such review was in the Board's "sole discretion").  To guide us in deciding whether to exercise our discretion, we consider, among other things, the likelihood that the issue will be timely reached through ordinary channels of appeal, the availability of other equivalent remedies, the extent of the regulation's application, and the strength of the arguments against the validity of its implementation.  *McDiarmid v. U.S. Fish and Wildlife Service*, 19 M.S.P.R. 347, 349 (1984).  Upon careful consideration of these factors, we decline the petitioner's request to review 5 C.F.R. § 831.1207(c) and (d).

¶7        The issues raised by the petitioner could be timely reached through ordinary channels of appeal.  Indeed, the petitioner already has availed herself of her right

---

[4] OPM notes that 5 C.F.R. § 831.1207(c) and (d) do not apply to the petitioner because those regulations apply to disability benefits under the Civil Service Retirement System, and the petitioner is covered by FERS.  RF, Tab 4 at 3.  OPM states that "there are no similar withdrawal regulations governing FERS disability annuity applications."  *Id.*  We find that the petitioner nevertheless is an "interested person" who has standing to request review under 5 U.S.C. § 1204(f) given that she filed a disability retirement application and she believes these provisions were applied by OPM in the denial of that application.

to appeal to the Board from unfavorable OPM decisions. The petitioner has previously appealed from an OPM reconsideration letter that dismissed her disability retirement application because her application was based on her Federal Air Marshal position. 0312 IAF, Tab 1. The administrative judge found that the petitioner was reassigned to the position of Law Enforcement Specialist as a reasonable accommodation. 0312 ID at 7. The administrative judge concluded that the petitioner was required to file her disability retirement application from the Law Enforcement Specialist position and that OPM was correct in rescinding its approval. *Id.* Subsequently, the petitioner filed a disability retirement application from her Law Enforcement Specialist position and, following an unfavorable disposition by OPM, she appealed OPM's determination regarding that application to the Board. *See Redding v. Office of Personnel Management*, MSPB No. DC-844E-22-0366-I-1, Initial Appeal File, Tab 1. Thus, the petitioner has demonstrated that she can appeal from OPM decisions regarding her disability retirement benefits. The same arguments that she raises here may be raised in the ordinary appeal process.

¶8        Second, through the appeal process, the petitioner may obtain equivalent remedies. As OPM notes, the petitioner was entitled to reapply for disability benefits from her final position of record. RF, Tab 4 at 11 (citing 5 U.S.C. §§ 8337(e), 8451(b)). In fact, subsequent to the filing of the instant request for regulation review, the petitioner reapplied for disability benefits from her Law Enforcement Specialist position. Although OPM denied her application, as noted above, she challenged that determination before the Board in MSPB No. DC-844E-22-0366-I-1. Additionally, to the extent that the petitioner believes that she was not offered a reasonable accommodation for her disability, she may have remedies through her employing agency's discrimination complaint process. *See* 29 C.F.R. §§ 1614.101-1614.110.

¶9        The third factor—the extent of the regulations' application—likely weighs in favor of review. OPM argues that 5 C.F.R. § 831.1207(c) and (d) have limited

applicability because those provisions only apply to Federal employees who are covered under the Civil Service Retirement System. RF, Tab 4 at 11-12. OPM states that "the population of employees potentially affected by these regulations is extremely small." *Id.* at 12. The petitioner, however, appears to argue that section 831.1207(c) and (d), or at least the policies underlying those provisions, were applied to her even though she is covered under FERS. *See* RF, Tab 1 at 2. Without reaching the merits of her arguments, we find that the petitioner's allegations are broad enough to encompass the interests of applicants seeking disability retirement benefits under FERS.

¶10    Finally, we consider the strength or weakness of the petitioner's arguments as they relate to the validity of 5 C.F.R. § 831.1207(c) and (d). Taken as a whole, we agree with OPM that the petitioner is essentially arguing for a preferred approach to eligibility for disability retirement rather than arguing that the existing approach compels the commission of a PPP. For example, the petitioner suggests that "there should be a finite amount of time allowed to evaluate the efficacy of a reassignment before a disability retirement application is withdrawn." RF, Tab 1 at 3. She further proposes that if a reassignment is "deemed ineffective, unsuccessful, or poses a direct threat to the employee['s] personal health," the employee "should be given the option to either seek another reassignment or pursue disability retirement from the original position, *not the failed reassignment position*." *Id.* (emphasis in original). However, Congress did not authorize the Board to rewrite OPM regulations. Rather, the sole purpose of the Board's regulation review authority is to determine whether the cited regulation would "require any employee" to commit a PPP as defined by 5 U.S.C. § 2302. *See* 5 U.S.C. § 1204(f)(2). The petitioner's argument that there is a better approach than the one laid out in the regulation is not a strong argument for invalidating the regulation.

¶11    Taken as a whole, the *McDiarmid* factors weigh against review. The likelihood that the issue will be timely reached through ordinary channels of

appeal, the availability of other equivalent remedies, and the weakness of the petitioner's arguments persuade us not to exercise our discretion to review her challenge to the validity of 5 C.F.R. § 831.1207(c) and (d). *McDiarmid*, 19 M.S.P.R. at 349.

## ORDER

¶12 Accordingly, the petitioner's request for regulation review is DENIED. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.